

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-22-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASHLEY FRANCIS,

                Plaintiff,

    -against-

951-953 AMSTERDAM AVE. LLC AND
RAM EATS, LLC,

                Defendants.

---

16 Civ. 7535 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Plaintiff Ashley Francis brings this action seeking declaratory, injunctive and equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181, et. seq., and its implementing regulations, the New York State Executive Law, § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York, § 8-107. Plaintiff also alleges claims for Negligence. (See Compl., dated Sept. 27, 2016 [dkt. no. 1].) On November 7, 2016, Defendant 951-953 Amsterdam Ave. LLC ("Defendant Landlord") filed an answer and a cross-claim against Defendant Ram Eats, LLC ("Ram Eats"). Defendant Ram Eats moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the violating restaurant at issue in this

1

case had closed, making the Plaintiff's ADA claim moot. (See Mem. of Law in Supp. of Mot. to Dismiss, dated Nov. 11, 2016 [dkt. no. 15].) For the reasons discussed below, Defendant Ram Eats' motion to dismiss for lack of subject matter jurisdiction is granted, and all claims against both Defendants are dismissed without prejudice.

## BACKGROUND

Plaintiff, a wheelchair user, filed this action on September 27, 2016, alleging that a location of the popular Mexican restaurant, Blockheads, located at 951 Amsterdam Avenue, New York, New York, is not accessible to persons with disabilities due to a variety of alleged architectural barriers. (See Compl. ¶ 14.) Defendant Ram Eats owned and operated the restaurant, while Defendant Landlord is the owner of the property located at 951 Amsterdam Avenue, New York, New York. (See id. ¶ 14.) Defendant Blockheads leased a portion of the property from Defendant Landlord pursuant to a written lease agreement. (See id. ¶¶ 9, 10.)

Based on the purported barriers to access, Plaintiff claims that she was discriminated against in the use of a public accommodation on account of her disability and has asserted causes of action under Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law,

the New York State Civil Rights Law, and the New York City Human Rights Law. (See id. ¶¶ 12, 13.) Plaintiff also has asserted a claim for common law negligence. Plaintiff seeks injunctive, declaratory, and monetary relief, including compensatory damages, punitive damages, and attorneys' fees, costs and expenses. (See id. at 19.)

Defendant Landlord filed an Answer to the Complaint on November 7, 2016. (See Answer, dated Nov. 7, 2016 [dkt. no. 10].) In its Answer, Defendant Landlord filed a cross-claim against Defendant Blockheads, alleging that, if Defendant Landlord is found liable to Plaintiff, then Defendant Blockheads is required to indemnify Defendant Landlord under the common law as well as based on the terms of their lease for the premises at issue. (See id. ¶ 26.)

Defendant Blockheads proceeded to close the restaurant and vacate the premises effective September 30, 2016. (See Declaration of Ernest Edward Badway ("Badway Decl."), dated Nov. 11, 2016 [dkt. no. 14], Ex. 3 (lease termination notice), Ex. 4 (Yelp.com webpage reflecting Blockheads closed), Ex. 5 (showing the location at issue is no longer listed on Defendant's website listing all Blockheads locations). Ram Eats' motion to dismiss for lack of subject matter jurisdiction followed. (See Mem. of Law in Supp. of Mot. to Dismiss, dated Nov. 11, 2016 [dkt. no.

15].) In its motion, Ram Eats argued that due to the restaurant's closing, the Court should dismiss the ADA claim based on mootness and the State and City law claims for lack of original jurisdiction. (See id. at 1.)

Just over a week after the Defendant Ram Eats' filing of the motion to dismiss, Plaintiff consented by letter to the dismissal of all its claims. (See Pl.'s Ltr., dated Nov. 21, 2016 "Nov. 21 Ltr." [dkt. no. 18].) In its letter, Plaintiff stated that "this consent dismissal comports with the defendant's arguments contained in the Memorandum of Law," namely that "the Court lacks subject matter jurisdiction over plaintiff's ADA claim based on mootness" and "should decline supplemental jurisdiction over plaintiff's State and City law claims for lack of original jurisdiction. (See id.) The Court construes as a request for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).

After Plaintiff filed the 41(a)(2) request, Defendant Ram Eats responded by requesting that the Court's dismissal of the action be with prejudice. (See Def.'s Ltr., dated Nov. 22, 2016 [dkt. no. 19]). Plaintiff replied by arguing dismissal with prejudice would be improper. (See Pl.'s Ltr., dated Nov. 23, 2016 [dkt. no. 20].) Defendant Ram Eats responded again, this time attaching exhibits ostensibly demonstrating that

4

Plaintiff's lack of diligence resulted in the need to file Ram Eats' motion to dismiss and that, on that basis, the Court should grant the dismissal with prejudice. (See Def.'s Ltr., dated Nov. 28, 2016 [dkt. no. 21].) In sum, here there is consent to the case being dismissed but a dispute over whether it should be dismissed with or without prejudice.

LEGAL STANDARD

When a court has before it both a request for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and an issue of subject matter jurisdiction, a court should resolve the subject matter jurisdiction first because, "absent subject matter jurisdiction, a court lacks power to act." 8 James Wm. Moore et al., Moore's Federal Practice §41.40[2] (2017); see Hylte Bruks Aktiebolag v. Babcock & Wilcox Co., 305 F.Supp. 803, 808-09 (S.D.N.Y 1969)("Having determined that this Court lacks jurisdiction over the subject matter of Plaintiff's claims, dismissal is mandatory and not dependent upon the [41(a)(2)] motion of a party.") cited in In re Federal Election Campaign Act Litigation, 474 F.Supp. 1051, 1053 (D.C. Cir. 1979)("If a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing

5

process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised.")

Turning now to the legal standard under 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." Gropper v. Fine Arts Housing, Inc., 12 F.Supp.3d 664, 668-69 (S.D.N.Y. 2014)(quoting J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). A district court may consider evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction. See Gropper, 12 F.Supp.3d at 668-669. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Id. at 669 (quoting Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008).

## DISCUSSION

Defendant Ram Eats has moved to dismiss Plaintiff's claim under the ADA for lack of subject matter jurisdiction. Defendant argues that Plaintiff's ADA claim is moot, because the

Blockheads restaurant at 951 Amsterdam Avenue at issue in the case has been closed.

A court lacks subject matter jurisdiction over a claim when the claim becomes moot. See Gropper, F.Supp.3d at 669 (S.D.N.Y. 2014)(evaluating mootness of an ADA claim); Bacon v. Walgreen Co., 91 F.Supp.3d 446, 451 (E.D.N.Y. 2015)(granting motion to dismiss for lack of subject matter jurisdiction in ADA case on mootness grounds). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Gropper, F.Supp.3d at 669 (quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (U.S. 2013). "Generally, 'the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" Gropper, 12 F.Supp.3d at 669 (quoting Already, LLC v. Nike, Inc., 568 U.S. at 91. Dismissal is mandatory when a court finds it lacks subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3), and such a dismissal must be without prejudice, Hernandez v. Conriv Realty Associates, 182 F.3d 121, 123 (2d Cir. 1999) (explaining "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice").

Plaintiff brings his claim under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations, or accommodations of any place of public accommodation. . . ." 42 U.S.C. § 12182(b)(2)(A)(iv). It is well established that Title III of the ADA allows only for injunctive relief, not monetary damages. Bacon, 91 F.Supp.3d at 451 (citing Brief v. Albert Einstein College of Medicine, 423 Fed.Appx. 88, 90 (2d Cir. 2011)). Therefore, in certain circumstances, if during the pendency of the litigation, the alleged violation is remedied or otherwise ceases to exist due to Defendant's voluntary actions, a claim under the ADA can become moot. See Clear Channel Outdoor. Inc. v. City of New York, 594 F.3d 94, 110 (2d Cir. 2010) quoted in Gropper at 670; Bacon, 91 F.Supp.3d at 451; Disabled in Action of Metropolitan New York v. Trump Intern. Hotel & Tower, No. 01 Civ. 5518(MBM), 2003 WL 1751785, at *11 (S.D.N.Y. April 2, 2003) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.")(quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189 (U.S. 2000)).

Because of the concern of opportunistic conduct by defendants, the "the standard ... for determining whether a case has been mooted by the defendant's voluntary conduct is stringent. Gropper, 12 F.Supp.3d at 670. ("The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.") The Court of Appeals applies a two-part test to determine when voluntary cessation may render a case moot: "if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. at 670 (quoting Clear Channel Outdoor, Inc. v. City of New York, 594 F.3d 94, 110 (2d Cir. 2010).

The Court turns now to the facts of this case. Though Plaintiff has made a request for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2), the Court addresses the issue of subject matter jurisdiction first. See Hylte Bruks Aktiebolag, 305 F.Supp. at 808-09. Here, there is absolutely no dispute that Plaintiff's ADA claims with respect to Defendant Ram Eats are moot. (See Pl.'s Nov. 21 Ltr.) The Blockheads restaurant owned by Ram Eats on Defendant Landlord's property, which was the site of the alleged ADA violations has closed, and Ram Eats has

9

vacated the property as of September 30, 2016. Not only does Plaintiff concede these facts, but they are supported by an independent basis in the record. (See Badway Decl., Ex. 3, 4, 5.) Given that the restaurant is closed and the tenancy is terminated, there is "no real and immediate threat of repeated injury." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187 (2d Cir. 2013); see Spiro v. Healthport Technologies, LLC, 73 F.Supp.3d 259, 271 (S.D.N.Y. 2014). Under the Court of Appeals' two-part voluntary cessation test, in this case there is no reasonable expectation that the alleged conduct will recur, and interim events have completely and irrevocably eradicated the effects of the alleged violation. See Gropper, 12 F.Supp.3d at 670. Any concerns of recurring injury from Defendant Ram Eats would be entirely "speculative and conjectural." See Bacon, 91 F.Supp.3d at 452. Therefore, the Court is convinced that it lacks subject matter jurisdiction over the ADA claim, and, therefore, the ADA claim must be dismissed without prejudice, see Hernandez at 124 (explaining where "district court lacked subject matter jurisdiction, it did not have power to dismiss with prejudice"), with respect to both Defendants, see Thomas v. Grunberg, 15 civ. 1925 (GBD)(BCM), 77 LLC, 2017 WL 3225989, at *2 (S.D.N.Y. 2017) (dismissing case against Defendant owner and Defendant restaurant when restaurant closed and vacated

10

premises). Accordingly, Defendant Ram Eats' motion to dismiss the complaint and cross-claim against it is granted under Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

Because the Court has no subject matter jurisdiction over the Plaintiff's sole federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Cave v. E Meadow Union, 514 F.3d 240, 250 (2d Cir. 2008) (refusing to exercise supplemental jurisdiction over state law claims as "clearly inappropriate" where court had no subject matter jurisdiction over the federal claims). Accordingly, the state law claims against Defendants are dismissed without prejudice.

Finally, having first decided the Court has no subject matter jurisdiction, the Court need not decide the Plaintiff's request for voluntary dismissal because the request is moot.

## CONCLUSION

For the reasons stated above, Defendant Ram Eats' motion to dismiss the complaint and cross-claim is granted pursuant to Fed. R. Civ. P. 12(h)(3) and 12(b)(1). Because the underlying ADA claim is moot, the claims against 951-953 Amsterdam Ave. are also dismissed. All claims are dismissed without prejudice. The Clerk of Court is directed to terminate Defendant Ram Eats'

motion to dismiss at docket number 13. Having dismissed all claims against all Defendants, the Court instructs the Clerk of Court to close the case.

SO ORDERED.

Dated:     New York, New York
           August 21, 2017

*Loretta A. Presley*
LORETTA A. PRESKA
Senior United States District Judge